# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-30077
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jmarreon Mack,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-29-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Post-affirmance on direct appeal to our court and denial of review by the Supreme Court, *United States v. Mack*, 857 F. App'x 798 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1134 (2022), Jmarreon Mack moved for a new trial under Federal Rule of Criminal Procedure 33, relying on newly-discovered evidence, *see* Rule 33 (b)(1), he claimed the Government had suppressed in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The district court denied the motion, concluding the evidence was not material.

Mack contests the denial. To assess the merits of a Rule 33 motion based on newly-discovered evidence, our court generally applies the *Berry* rule. *United States v. Turner*, 674 F.3d 420, 429 (5th Cir. 2012) (outlining rule of *Berry v. State*, 10 Ga. 511 (1851)). But when, as here, the movant asserts violations of *Brady* in his Rule 33 motion, our court instead applies the three-pronged *Brady* test. *United States v. Runyan*, 290 F.3d 223, 247 (5th Cir. 2002). *Brady* requires the movant show: "(1) the evidence at issue is favorable to the defense, either because it is exculpatory or impeaching, (2) the prosecution suppressed the evidence, and (3) the evidence is material". *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018). Only the materiality prong is at issue in this appeal.

Evidence is material under *Brady* if there is a "reasonable probability" that its disclosure would have led to a different outcome. *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109–10 (1976). The defendant must instead show the evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict". *Kyles*, 514 U.S. at 435.

"We review the denial of a motion for a new trial for abuse of discretion but consider alleged *Brady* violations de novo." *Turner*, 674 F.3d at 428. The *de novo* review, however, must be "with deference to the factual findings underlying the district court's decision". *Id.* (quoting *United States v. Severns*, 559 F.3d 274, 278 (5th Cir. 2009)).

No. 23-30077

Mack's convictions stem from the discovery of contraband during a 2018 traffic stop. His new-trial motion was based on evidence that the state trooper who initiated the stop later participated both in the fatal beating of a black motorist (the incident) and the alleged cover-up effort. Evidence of the trooper's participation in the incident was available roughly a month before the suppression hearing but was not disclosed. Mack asserts the evidence could have altered his trial in two ways.

First, he contends he could have prevailed on his motion to suppress the evidence seized in conjunction with the traffic stop by impeaching the trooper at the suppression hearing. Mack fails to establish the materiality of this contention. The sole issue in the suppression hearing was whether the traffic stop was justified at its inception. The district court concluded it was because Mack failed to properly signal a turn. This conclusion is supported by the trooper's suppression-hearing testimony and his vehicle's dash-camera video. (In that regard, our court held the video justified the stop. *Mack*, 857 F. App'x at 802 ("[B]oth [the trooper's] testimony and the video evidence established [the trooper] *did* see Mack approach the left turn without a continuous signal active, then seconds later execute that turn." (emphasis in original))).

Second, Mack contends he could have used the impeachment evidence to induce jurors to reject the trooper's trial testimony. Mack does not demonstrate that the new evidence provides any specific reason for questioning that testimony, only that it bears on the trooper's general credibility—in other words, his character for truthfulness. But Mack's broad condemnation of the trooper does little to explain how he would have used specific acts to impeach the trooper's character for truthfulness. *See* Fed. R. Evid. 608(b); *see also* 28 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure: Federal Rules of Evidence* § 6118 (2d ed.), Westlaw (database updated Apr. 2023) ("[A] central purpose of Rule 608(b)

is to prevent the jury from hearing evidence that might cause it to draw the tenuous inference that, because the witness has committed bad acts, he is a bad person and, thus, a liar."). Moreover, the trooper's account of the facts is well corroborated. Jurors were able to compare his testimony with the testimony of another witness and footage from the trooper's dash camera.

AFFIRMED.